[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2005
THOMAS K. KAHN
CLERK

————————————————

No. 05-10242
Non-Argument Calendar

————————————————

D. C. Docket No. 04-21277-CV-PCH

A. GLENN BRASWELL,

Plaintiff-Appellant,

versus

TIMOTHY D. HENKEL, individually,
SCOTT SILVER, individually, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

( December 20, 2005)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

A. Glenn Braswell appeals the district court's dismissal of his 42 U.S.C. § 1983 action. The district court dismissed the action pursuant to the *Rooker/Feldman* doctrine, which bars a federal district court from directly reviewing a final judgment of a state court. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923).

Braswell makes two arguments on appeal. First, he argues that the *Rooker/Feldman* doctrine does not apply to the state trial court's order denying his motion to disqualify counsel because his constitutional claim is not "inextricably intertwined" with the state court's order. Second, he argues that the district court's order did not constitute a final judgment for the purposes of the *Rooker/Feldman* doctrine.

We have carefully considered the briefs, and relevant parts of the record, and conclude that Braswell's arguments are meritless.

AFFIRMED.